IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LB&B ASSOCIATES, INC., and<br>OLGOONIK LOGISTICS, LLC,<br>a joint venture d/b/a NORTH FORK<br>SERVICES JOINT VENTURE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br><br><br>No. 08-320C<br>(Judge Braden) |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits the allegations contained in the first sentence of paragraph 3 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Admits the allegations contained in the first sentence of paragraph 4. The allegations contained in the second sentence of paragraph 4 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted.

6. Admits the allegations contained in paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits.

10. Admits the allegations contained in paragraph 10 to the extent supported by the document quoted, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. The allegations contained in paragraph 12 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13. The allegations contained in paragraph 13 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14. Admits that the Government paid some, and denied payment of other, amounts invoiced by North Fork Services Joint Venture ("NFS"). The remaining allegations contained in

paragraph 14 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. Admits that the Government did not pay the invoiced amounts cited in paragraph 15. The remaining allegations contained in paragraph 15 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16. The allegations contained in paragraph 16 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19. Admits. Further avers that such a communication was not necessary because the Government denied payment of the invoices cited in paragraph 15 on other grounds.

20. The allegations contained in paragraph 20 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

21. Admits. Further avers that such a communication was not necessary because the Government denied payment of the invoices cited in paragraph 15 on other grounds.

22. The allegations contained in paragraph 22 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

23. Admits. Further avers that such a communication was not necessary because the Government denied payment of the invoices cited in paragraph 15 on other grounds.

24. The allegations contained in paragraph 24 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25. Admits. Further avers that such a communication was not necessary because the Government denied payment of the invoices cited in paragraph 15 on other grounds.

26. Denies.

27. Denies.

28. The allegations contained in paragraph 28 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29. Admits. Further avers that such a communication was not necessary because the Government denied payment of the invoices cited in paragraph 15 on other grounds.

30. Admits that, on or about June 29, 2007, NFS submitted to the contracting officer a certified claim, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 30.

31. Admits.

32. Admits the allegations contained in paragraph 32 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 32.

33. Admits the allegations contained in paragraph 33 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 33.

34. Admits.

35. Admits the allegations contained in paragraph 35 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 35.

36. Admits the allegations contained in paragraph 36 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 36.

37. Admits.

38. Admits that plaintiff's claim is deemed denied; otherwise, the allegations contained in paragraph 38 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

39. Admits that plaintiff's claim and this action are not time barred; otherwise, the allegations contained in paragraph 39 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

40. Defendant's responses to paragraphs 1 through 39 of the complaint are incorporated by reference.

41. The allegations contained in paragraph 41 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

42. Admits that the Government did not pay the invoiced amounts cited in paragraph 15 and cross-referenced in paragraph 42. The remaining allegations contained in paragraph 42 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

43. The allegations contained in paragraph 43 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

44. Defendant's responses to paragraphs 1 through 43 of the complaint are incorporated by reference.

45. The allegations contained in paragraph 45 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

46. Denies.

47. The allegations contained in paragraph 47 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

48. Defendant denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 47, or to any relief whatsoever.

49. Defendant denies each and every other allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

s/Douglas G. Edelschick
DOUGLAS G. EDELSCHICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L. Street, N.W.
Washington, DC 20530
Tel: (202) 353-9303

June 27, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2008, a copy of foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas G. Edelschick