IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LB&B ASSOCIATES, INC., and<br>OLGOONIK LOGISTICS, LLC,<br>a joint venture d/b/a NORTH FORK<br>SERVICES JOINT VENTURE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 08-320C<br>(Judge Braden) |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff, North Fork Services Joint Venture, and defendant, the United States, respectfully submit the following joint preliminary status report.

A. Jurisdiction

Plaintiff alleges that this Court has jurisdiction to consider and decide this action pursuant to the Contract Disputes Act, 29 U.S.C. § 601 et seq. Defendant is not aware of a basis upon which to challenge jurisdiction at this time. See 28 U.S.C. § 1491.

B. Consolidation

The parties agree that this case should not be consolidated with any other case at this time.

C. Bifurcation

The parties agree that a bifurcation of damages and liability for trial is not necessary at this time.

D. Deferral

At this time, the parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

E. Remand/Suspension

The parties do not request that this action be remanded or suspended at this time.

F. Joinder

The parties do not anticipate the filing of any motion to join additional parties at this time.

G. Dispositive Motions

The parties anticipate filing cross-motions for summary judgment pursuant to RCFC 56 upon the completion of discovery.

H. Relevant Issues

Plaintiff is a government contractor. Plaintiff and defendant entered into a contract for operations and maintenance support services in 2002. The contract, as amended, includes clauses providing for a cost ceiling of $10,011,508 and a base period of performance ending on December 31, 2003. Plaintiff billed defendant a total of $10,413,343, of which amount, defendant has paid all but $637,865. Plaintiff contends that the entire billed amount should be paid.

Defendant contends that plaintiff is not entitled to payment of approximately $401,835 for amounts above the cost ceiling. Plaintiff contends that the cost ceiling clause does not apply because: (1) plaintiff could not have reasonably foreseen the cost overrun during the time of performance of the contract; (2) the costs were not avoidable by plaintiff through stoppage of work by plaintiff; (3) defendant was not prejudiced by lack of notice of the potential overrun;

(4) the contracting officer effectively exercised his discretion in favor of allowing overrun costs to plaintiff; and (5) under all the circumstances, it would be inequitable for defendant to refuse additional funding. Defendant maintains that none of these grounds applies.

Defendant contends further that the costs claimed by plaintiff are not recoverable because: (i) approximately $82,476 is overhead billed for hourly employees in excess of the overhead rate ceilings set forth in section B.4 of the contract; (ii) approximately $112,990 was incurred after the end of the performance period; (iii) approximately $18,553 in overhead costs are allocable to the unallowable costs that were incurred after the end of the performance period; and (iv) approximately $400,000 are legal fees that are not consistent with the purpose and scope of the contract and did not provide a benefit to defendant. Plaintiff contends that these amounts are recoverable.

Plaintiff claims damages of $637,865, plus interest. Defendant denies that plaintiff is entitled to any relief.

I. Settlement

The parties will continue to consider the possibility of settlement of this matter as discovery progresses.

J. Trial

If dispositive motions are not submitted, or if any such motions are not completely dispositive of this action, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling. The parties agree that the place of trial shall be Washington, D.C.

K. Electronic Case Management

The parties have no special issues regarding electronic case management needs.

L. Additional Information

There is no additional information of which the Court should be aware at this time.

M. Proposed Discovery Plan

The parties may conduct simultaneous discovery through various means as provided by the RCFC, including interrogatories, requests for admission, requests for the production of documents, depositions, and subpoenas duces tecum and for deposition. The parties propose the following schedule:

| | |
|---|---|
| 1. Completion of Fact Discovery | March 13, 2009 |
| 2. Deadline for Filing RCFC 56 Motions: | April 13, 2009 |

The parties agree to dispense with RCFC 26(a)(1) disclosures. The parties anticipate briefing cross-motions for summary judgment on the normal schedule as provided by the Rules.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

s/Douglas G. Edelschick
DOUGLAS G. EDELSCHICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L. Street, N.W.
Washington, DC 20530
Tel: (202) 353-9303

August 11, 2008

Attorneys for Defendant

s/ Benjamin N. Thompson
BENJAMIN N. THOMPSON
Wyrick Robbins Yates & Ponton LLP
4101 Lake Boone Trail, Suite 300
P.O. Drawer 17803
Raleigh, North Carolina 27607
Tel: (919) 781-4000

August 11, 2008

Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2008, a copy of foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas G. Edelschick